**Elmer CAMPBELL et al., Plaintiffs,**

v.

**MARDIGIAN CORPORATION,
Defendant.**

Civ. A. No. 24682.

United States District Court
E. D. Michigan, S. D.
April 20, 1966.

Raymond P. Franks, Detroit, Mich., for plaintiff employees.

William M. Mazey, Detroit, Mich., for UAW Local 157.

Gordon A. Gregory, Detroit, Mich., for UAW Local 155.

John A. Fillion, Detroit, Mich., for International Union, UAW.

Kramer & Mellen, Detroit, Mich., for defendant Mardigian Corp., Dykema, Wheat, Spencer, Goodnow & Trigg, by James D. Tracy, Detroit, Mich., for the firm and individually, of counsel.

McCREE, District Judge.

Individual plaintiffs, formerly employees of defendant, Mardigian Corporation, hereinafter referred to as Mardigian, individually and as assignees of claims from other former employees of Mardigian, filed a complaint in the Circuit Court for the County of Macomb, Michigan, alleging a breach of contract and claiming money damages. The Macomb County Circuit Court added as parties plaintiff, International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, and Locals 155 and 157 of International Union, the latter being the local to which the individual plaintiffs belonged.

The International Union filed in this court a petition for removal alleging federal court jurisdiction of the matter as a claim arising under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The case was duly removed and is now before the court on defendant's motion for summary judgment.

The following undisputed facts appear from the pleadings, affidavits and stipu-

lations. Mardigian was a party to the agreement between the Automotive Tool and Die Manufacturers Association, whose name has since been changed to Detroit Tooling Association, and Locals 155 and 157 and the International Union which agreement is dated January 17, 1959, with an expiration date of September 30, 1961. Under this agreement, Local 157 was recognized as the exclusive representative of the factory, production and maintenance employees of Mardigian.

Mardigian Corporation, which operated a plant located at 1130 West Grand Boulevard, Detroit, Michigan, merged as of July 1, 1960, with Marco Manufacturing Corporation, which operated a plant at 21980 Groesbeck Highway, Warren, Michigan. The employees of Marco were then represented for the purposes of collective bargaining by Local 155, pursuant to the above described agreement to which Local 157 and Mardigian were also parties.

During the period July 1, 1960 until June 12, 1961, the operations at the West Grand Boulevard plant were reduced and ultimately discontinued. A very few machines were moved from the West Grand Boulevard plant to the Groesbeck Highway plant, and the operators of those machines were offered the work of operating them in the Groesbeck Highway plant. On behalf of the plaintiff employees, who had been or were about to be laid off at various times during this period from the West Grand Boulevard plant, Local 157 filed a grievance with Mardigian on January 30, 1961. The grievance asserted that the seniority rights of employees laid off at the West Grand Boulevard plant had been violated in disregard of the collective bargaining agreement.

The contract provisions for the adjustment of grievances were employed and the issue being unresolved on March 15, 1961, the Detroit Tooling Association, on behalf of Mardigian, submitted the grievance to the American Arbitration Association. The collective bargaining agreement provides for compulsory arbitration and states that, "The decision of the Arbitrator shall be final and binding upon all parties," and "Any grievance not appealed from a decision at one step of the above procedure to the next step within the prescribed time limit shall be considered as dropped and not subject to further appeal."

Before the issues were resolved the arbitrator recessed the proceedings, and made certain statements the effect of which has been vigorously contested. The arbitrator stated in pertinent part:

"In view of the obvious interests in the result, and in the interest of furthering the arbitration process and not making it a vain and futile thing any more than is necessary, it seems to the Arbitrator that this particular proceeding should be recessed, and both Local 155 UAW and the International Union should be notified by the Arbitrator and the American Arbitration Association of their apparent interest in the result of this dispute, and each of them should be given an opportunity to appear in this proceeding, if either so desires, to present any evidence, arguments or matters deemed relevant by either of them * * *. You understand, of course, that this does not constitute necessarily a decision by the Arbitrator that either Local 155 or the International Union is legally a party to this particular arbitration proceeding, nor does it constitute a decision that either or both of them are not. What it does constitute is a decision that either or both have or may have an interest in the outcome of this case adverse to the interest of Local 157, and may have an interest to be protected."

However, before the arbitration proceeding was reconvened, the office of Region 1–A, International Union, UAW, by a letter dated September 26, 1961 notified the Detroit Tooling Association and Mardigian that the membership of the Mardigian Unit of Local 157 had voted to withdraw the grievance and requested that Mardigian, the moving party seeking arbitration, withdraw the case

from arbitration. The parties hereto stipulated that the plaintiffs and their assignees voted *unanimously* to withdraw the pending grievance from arbitration. Pursuant to the request made by Local 157, Mardigian and the Detroit Tooling Association notified the American Arbitration Association by letter dated September 26, 1961 that Local 157 had withdrawn the grievance and that the dispute between the parties was terminated, and therefore requested that the arbitration proceeding be closed without further action by the arbitrator. Subsequently, pursuant to a request directed to the office of Region 1–A, International Union UAW, by the American Arbitration Association in a letter dated September 29, 1961, the Union stated in a letter dated October 3, 1961 to the American Arbitration Association, that the Union agreed that the case was withdrawn from arbitration.

Defendant in its motion for summary judgment claims that plaintiffs have failed to exhaust their contract remedies.

This court observes that in Smith v. Evening News Ass'n., 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1963), the Supreme Court upheld the right of an individual to bring a suit for breach of a collective bargaining agreement under Section 301 of the Labor Management Relations Act, but added:

> There was no grievance arbitration procedure in this contract which had to be exhausted before recourse could be had to the courts. At 196, fn. 1, 83 S.Ct. at 268.

Subsequently in Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), the Supreme Court reversed a state court judgment awarding the plaintiff employee damages for breach of a collective bargaining agreement with regard to severance pay and stated:

> As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievance must *attempt* use of the contract grievance procedure agreed upon by

employer and union as the mode of redress. If the union refuses to press or only perfunctorily presses the individual's claim, differences may arise as to the forms of redress then available. At 652, 85 S.Ct. at 616. (Emphasis in original)

The court there did not define what would have been a sufficient "attempt" to use the contract grievance procedure since it appeared that the employee there made no attempt at all. He filed suit without even invoking the very first step of the grievance machinery, discussion by the employee with the foreman.

The Supreme Court has often stated in deciding questions presented under Section 301 that the District Court is to apply federal substantive law. *Maddox* (supra). It has not yet dealt with the thorny problem which that decision left open, namely the rights of dissident employees to pursue their own claims after the union has clearly indicated its unwillingness to represent them further in the matter.

However, that problem is not involved in this case. Here the facts clearly demonstrate that plaintiffs, far from being dissident employees, actually voted unanimously to withdraw the pending grievance from arbitration. The language in *Maddox* that employees asserting contract grievances must attempt use of the grievance procedure provided for in that contract requires that such procedure must be exhausted to the extent possible. Voluntary withdrawal from such procedure, at any step therein, as in the instant matter, does not satisfy the requirement of exhaustion.

Plaintiffs contend that the arbitration would have been futile without the intervention of Local 155 and the International Union. However, it is clear that the arbitrator made no such decision and in fact was denied the opportunity to rule on the necessity of such intervention by the premature withdrawal of the grievance with the unanimous approval of plaintiffs.

I therefore find that the withdrawal of the grievance from arbitration was an

unjustified abandonment of the grievance procedure and hence does not satisfy the exhaustion requirement laid down in *Maddox*.

Defendant also contends that should the court reach the merits of the controversy, then plaintiffs are not entitled to relief under the terms of the collective bargaining agreement, as a matter of law. In view of the foregoing discussion, I do not reach this issue.

For the foregoing reasons, it is hereby ordered that defendant's motion for summary judgment be granted.